**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOE GLENN<br>Plaintiff | : | CIVIL ACTION NO.: 3:24-CV-00894-VAB |
| | : | |
| V | : | |
| | : | |
| KELLY SERVICES, INC. and<br>NEW LONDON PUBLIC SCHOOLS<br>Defendant | : | AUGUST 21, 2024 |

**DEFENDANTS', NEW LONDON BOARD OF EDUCATION AND KELLY SERVICES INC., MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A MORE DEFINITE STATEMENT**

Pursuant to Federal Rules of Civil Procedure 8(a) and 12(e) and Local Civil Rule 7(a), Defendants, New London Board of Education ("New London") and Kelly Services, Inc. ("Kelly", collectively with New London, "Defendants"), hereby respectfully submit this memorandum of law in support of their motion for a more definite statement. The Motion should be granted because Plaintiff's Amended Complaint is so vague and conclusory as to make it impossible for Defendants to reasonably frame a responsive pleading. Specifically, Defendants cannot ascertain what causes of action Plaintiff asserts, or against which Defendant each claim is asserted.

## I. BACKGROUND

On or about May 17, 2024, Plaintiff Joe Glenn ("Plaintiff"), proceeding *pro se*, filed his original Complaint against Kelly only. (ECF #1). Although inartfully drafted, Plaintiff's Complaint was at least broken down into thirty-four paragraphs and five separate counts against Kelly: Wrongful Termination in violation of Title VII (Count One); Retaliation in Violation of Title VII (Count Two); Constructive Discharge (Count Three); Intentional Infliction of Emotional Distress (Count Five [sic]) and Reckless Indifference (Count Six [sic])[1].

[1] Plaintiff did not include a Count Four in the original Complaint.

On June 5, 2024, Plaintiff filed a Motion for Leave to Amend Complaint, seeking to add the "New London Public Schools" as a new defendant in the case and to otherwise amend his original Complaint. (ECF #9). The Court granted the Motion to Amend on June 10, 2024, and Plaintiff filed his Amended Complaint (ECF #13) on June 14, 2024. Unfortunately, the Amended Complaint contains only a single count of seven (7) paragraphs directed at two separate entities, with labels such as "Initial Employment and Retaliatory Dismissal from East Lyme" (Paragraph 1); "Continued Advocacy and Escalated Retaliation" (Paragraph 3) and "Reckless Indifference to Employment Rights" (Paragraph 6). Plaintiff's Amended Complaint also does not clearly articulate the statutory or common law basis upon which Plaintiff's claim(s) are based, nor the basis for the Court to exercise jurisdiction over this matter.

## II. LAW AND ARGUMENT

### a. Legal Standard

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Pursuant to Federal Rule of Civil Procedure 8, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court elaborated on this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), affirming that a plaintiff's complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests[.]" 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). If a plaintiff's complaint is so vague or ambiguous as to the claims against the defendant,

such that the defendant is unable to reasonably answer or otherwise respond to the complaint, a defendant may move for a more definite statement, the aim being to remedy an unintelligible pleading. *See* Fed. R. Civ. P. 12(e); *see also Ming Li v. Colonial BT, LLC*, No. 3:14-CV-999 (CSH), 2015 WL 5684060, at *2 (D. Conn. Sept. 28, 2015).

"It is incumbent on the district court to decide whether several claims must be stated in separate counts, Rule 10(b) Fed. R. Civ. P., for purposes of clarity." *Ming Li*, 2015 WL 5684060 at *8. "[T]he Federal Rules of Civil Procedure … require a party to parse out his claims into separate counts when each claim is founded upon a separate transaction or occurrence and when separation would facilitate the clear presentation of the matters set forth." *Pullen v. NorthStar Presidio Mgmt. Co., LLC,* No. 98cv771 (WWE), 1998 WL 696010, at *2 (D.Conn. Sept. 11, 1998). Thus, although "[a] party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party," Fed. R. Civ. P. 18(a), there is "ample warrant for requiring these several claims to be stated in separate counts, [Fed. R. Civ. P.] Rule 10(b)." *Vars v. Int'l Broth. of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers,* 204 F.Supp. 245, 249 (D.Conn. 1962). The key issue in deciding if the claims should be separate is whether separation "will further convenience, minimize confusion and avoid prejudice." *Vars*, 204 F.Supp. at 249.

Pro se litigants are "required to state a plausible claim for relief." *Walker v. Schult,* 717 F.3d 119, 124 (2d. Cir 2013). Thus, a motion pursuant to Rule 12(e) is an appropriate device to narrow issues, to disclose the boundaries of claims, and to expedite and simplify proceedings. *Swierkiewicz v. Sorema,* 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

**b. <u>Legal Analysis</u>**

Plaintiff's Amended Complaint is ambiguous and fails to give Defendants the basis for his claims, and Defendants are unable to form a knowledgeable response without such sufficient notice as contemplated by the Federal Rules. As a preliminary matter, Plaintiff incorrectly identified New London as "New London Public Schools" – there is no legal entity known as the "New London Public Schools." Instead, the real party in interest is the New London Board of Education. Accordingly, pursuant to Fed. R. Civ. Pro. 17(a), New London asks that Plaintiff be ordered to revise the Amended Complaint to substitute the real party in interest, "New London Board of Education," in place of "New London Public Schools."

As it applies to the substance of Plaintiff's Amended Complaint, it too is deficient because it:

1. Does not articulate the basis for Plaintiff's claim of Federal Question jurisdiction, or identify "the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case;"

2. Does not separate the claims in the Amended Complaint into separate counts, which is necessary for purposes of clarity;

3. Does not clearly identify which claims Plaintiff is asserting against New London versus those asserted against Kelly. For example, the first paragraph of the Amended Complaint makes reference to "Initial Employment and Retaliatory Dismissal from East Lyme," a claim that involves a completely different school district and seemingly has nothing to do with New London. (ECF #13).

4. Does not provide sufficient factual allegations to state claims for relief, and/or fails to state claims for which relief can be granted and/or claims that appear time barred.[2]

[2] Paragraph 2 bears the heading "Whistleblowing and Subsequent Retaliation at New London High School". In it, Plaintiff claims that he "reported several operational failures and safety hazards" but then claims that he experienced "a classic case of retaliation defined under Title VII", even though Title VII relates to employment discrimination and retaliation, not whistleblower retaliation. Likewise, in Paragraph 3 he alleges "continued advocacy and escalated retaliation" and again asserts that he "exposed systemic negligence and safety concerns" and claims that as a result he was subjected to "retaliatory hostility" and "a hostile work environment as understood in Gowski v. Peake." The *Gowski v. Peake* case, however, relates to Title VII discrimination claims, not alleged whistleblower claims. *See Gowski v. Peake,* 682 F.3d 1299 (11th Cir., 2012).

Simply put, Plaintiff's Amended Complaint is rife with allegations that are conclusory, confusing and involve incidents occurring over a period of years. Plaintiff alleges barebones and conclusory statements such as "[h]is application and subsequent communications were met with complete disregard, evidencing a discriminatory hiring practice that ignored his credentials and advocacy, in violation of the principals laid out in McDonnell Douglas Corp. v. Green and Griggs v. Duke Power Co." (ECF #13, ¶4). Plaintiff does not even disclose what protected class allegedly formed the basis for any alleged discriminatory or retaliatory hiring practices between each defendant. As a result, New London and Kelly are left to speculate what constitutes the exact "acts and conduct" which are referenced, and against whom each claim is directed. *Rodriguez v. Chex Sys.*, No. 6:24-cv-06086, 2024 U.S. Dist. LEXIS 73049 (W.D.N.Y., April 22, 2024 (granting 12(e) motion against *pro se* litigant because the allegations were not clear as to how Plaintiff is entitled to relief); *see also Wis. Province of the Soc'y of Jesus v. Cassem*, No. 3:17-cv-1477 (VLB), 2018 U.S. Dist. LEXIS 229395, at *3 (D. Conn. May 24, 2018) (granting 12(e) motion where the complaint alluded to but did not actually allege a cause of action, therefore ordering amendments to "list each specific claim, the facts in support of that claim, and the Defendants against whom the claim is raised, in a separate, enumerated count"). Clarification of the Amended Complaint is necessary in order for Defendants to be able to properly respond.

If Defendants were required to respond to the Amended Complaint in its present form, Defendants would be forced to make assumptions in their responsive pleadings. This would necessarily lead to the filing of uninformed responsive pleadings in which multiple alternative theories would be presented based on Plaintiff's vague and confusingly drafted Amended Complaint (*e.g.*, alleged discrimination – but whether it's based on race, religion, sex or national origin).

Defendants are entitled to know what alleged wrongful acts or illegal conduct Plaintiff claims they each engaged in. Furthermore, to state a claim for relief, Plaintiff must identify which laws allegedly have been violated, particularly where different causes of action have different statutes of limitations, defenses, and burdens of proof. In the absence of an order from this Court requiring Plaintiff to further amend his complaint to provide a more definite statement, Defendants would face significant obstacles in their ability to pursue an efficient and effective defense of this matter.

## III. CONCLUSION

WHEREFORE, Defendants hereby respectfully move this Court to enter an order, requiring Plaintiff to further amend his complaint to provide a more definite statement as described above so that they may appropriately and reasonably respond to Plaintiff's claims.

DEFENDANTS,
**NEW LONDON BOARD OF EDUCATION**

By /s/ Elizabeth M. Smith
Johanna G. Zelman (ct26966)
Elizabeth M. Smith (ct19808)
FordHarrison LLP
CityPlace II
185 Asylum Street, Suite 820
Hartford, CT 06103
Tel #: 860-740-1355
Fax #: 860-578-2075
Email: jzelman@fordharrison.com
esmith@fordharrison.com

**KELLY SERVICES, INC.**

By /s/ Elizabeth M. Lacombe
Elizabeth M. Lacombe (Bar No. ct 28352)
Duane Morris LLP
100 Pearl Street, 13th Floor
Hartford, CT 06103
215-979-1577
emlacombe@duanemorris.com

**CERTIFICATE OF SERVICE**

This is to certify that on this 21st day of August, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Joe Glenn
40 Country Club Road
Groton, CT 06340
Jeglenn02@gmail.com

/s/ Elizabeth M. Smith
Elizabeth M. Smith