UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOE GLENN,<br>    *Plaintiff*,<br><br>    v.<br><br>KELLY SERVICES, INC. AND NEW<br>LONDON BOARD OF EDUCATION<br>    *Defendants.* | No. 3:24-cv-0894 (VAB) |

**RULING AND ORDER**

Joe Glenn ("Plaintiff") has filed an Amended Complaint alleging claims of retaliation and

discrimination against Kelly Services, Inc. and the New London Board of Education[1]

(collectively "Defendants"). Am. Compl., ECF No. 13 (June 14, 2024) ("Am. Compl.").

Defendants have filed a motion to strike and a motion for a more definite statement. Joint

Mot. for a More Definite Statement at 1, ECF No. 37 (Aug. 21, 2024) ("Mot. for a More Definite

Statement"); Joint Mot. to Strike, ECF No. 35 (Aug. 12, 2024) ("Mot. to Strike"). Kelly

Services, Inc. has filed an additional notice affirming its intent to join the motion for a more

definitive statement. Mot. for Joinder to the Mot. and Memo. of Law in Support of Defendants'

Mot. for a More Definite Statement, ECF No. 38 (Aug. 21, 2024) ("Mot. to Join").

Plaintiff has also filed a motion for default judgment. Mot. for Default J., ECF No. 40

("Mot. for Default J.").

For the following reasons, the motion to join the motion for a more definite statement is

**GRANTED**; the motion to strike is **DENIED**; the motion for a more definite statement is

---

[1] Mr. Glenn filed his Amended Complaint against "New London Public Schools." The correct name of the legal entity is "New London Board of Education." *See* Mot. for a More Definite Statement at 1, ECF No. 37 (Aug. 21, 2024).

**GRANTED**; and the motion for default judgment is **DENIED.**

Mr. Glenn is directed to file a Second Amended Complaint by **February 28, 2025**, clearly enumerating his claims, identifying the statutory or common law basis for those claims, and specifying which claims apply to which Defendants.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Allegations

In February of 2020, Mr. Glenn began working with Kelly Services, Inc. for employment assignments. Am. Compl. at 5.

In October of 2021, Mr. Glenn was allegedly "prohibited" from accepting assignments at East Lyme Public Schools. *Id.* This prohibition was allegedly retaliatory. *Id.*

In November of 2021, Mr. Glenn accepted a substitute assignment at New London High School.

On November 4, 2021, Mr. Glenn allegedly "engaged in protected whistleblowing activates" by alerting administration of safety hazards and operational failures via e-mail. *Id.* In response to this e-mail, school administrators allegedly "orchestrated his removal by directing Kelly Services to restrict his teaching opportunities." *Id.* Mr. Glenn alleges this activity constituted "retaliation defined under Title VII." *Id.*

In November of 2022, Mr. Glenn allegedly alerted school administrators at a New London elementary school to safety concerns, which prompted the assistant principal to unsuccessfully attempt to "remove him." *Id.* This attempt allegedly reflected "a continuous pattern of retaliatory hostility which cumulatively amounted to a hostile work environment." *Id.*

In November of 2023, Mr. Glenn applied for the position of Executive Director of Business and Finance at the New London Board of Education. *Id.* His application was allegedly

ignored despite his credentials, "evidencing a discriminatory hiring practice." *Id.*

In the summer of 2023, Kelly Services allegedly failed to communicate Mr. Glenn's employment status to him, affecting his financial and emotional well-being. *Id.* This action allegedly violated the duty of good faith and fair dealing. *Id.*

Mr. Glenn alleges that both the New London Board of Education and Kelly Services, Inc. took "discriminatory and retaliatory actions" against him. *Id.*

### B. Procedural History

On May 17, 2024, Mr. Glenn filed a Complaint against Kelly Services, Inc. Compl., ECF No. 1 (May 17, 2024).

On June 5, 2024, Mr. Glenn filed a motion for leave to amend his Complaint. Mot. to Amend Compl., ECF No. 9 (June 5, 2024).

On June 10, 2024, the Court granted Mr. Glenn leave to amend. Order, ECF No. 11 (June 10, 2024).

On June 14, 2024, Mr. Glenn filed an Amended Complaint against Kelly Services, Inc. and New London Board of Education. Am. Compl.

On August 12, 2024, New London Board of Education and Kelly Services, Inc., filed a joint motion to strike documents from the docket. Mot. to Strike.

On August 13, 2024, Mr. Glenn filed a memorandum in opposition to the joint motion to strike. Memo. in Opp. to Join Mot. to Strike, ECF No. 36 (Aug. 13, 2024) ("Memo. in Opp. to Mot. to Strike").

On August 21, 2024, New London Board of Education and Kelly Services, Inc. filed a joint motion for a more definite statement and accompanying memorandum of law. Mot. for a More Definite Statement; Memo. in Support of the Mot. for a More Definite Statement, ECF No.

37-1 (Aug. 21, 2024) ("Memo. in Support"). On the same day, Kelly Services, Inc. filed a motion to join the motion for a more definite statement. Mot. to Join.

On August 21, 2024, Mr. Glenn filed a memorandum in opposition to the joint motion for a more definite statement. Memo. in Opp. to Defendants' Mot. for a More Definite Statement, ECF No. 39 (Aug. 21, 2024) ("Memo in Opp.").

On August 23, 2024, Mr. Glenn filed a motion for default judgment. Mot. for Default J.

On September 12, 2024, Defendants filed a memorandum in opposition to the motion for default judgment. Memo. in Opp. re Mot. for Default Judgment.

On September 12, 2024, Defendants filed a reply to Mr. Glenn's opposition to the motion for a more definite statement. Reply to Response re Joint Mot. for a More Definite Statement, ECF No. 42 (Sept. 12, 2024) ("Reply").

On September 15, 2024, Mr. Glenn filed a sur-reply regarding the motion for a more definite statement and an accompanying memorandum. Response re Joint Mot. for a More Definite Statement, ECF No. 43 (Sept. 15, 2024) ("Sur-reply"); Response re Joint Mot. for a More Definite Statement, ECF No. 44 (Sept. 15, 2024) ("Sur-reply Memo.").

On December 17, 2024, Mr. Glenn filed a motion for default entry against Defendants. Mot. for Default Entry, ECF No. 45 (Dec. 17, 2024).

On December 20, 2024, the Court denied Mr. Glenn's motion for a default entry. Order, ECF No. 46 (Dec. 20, 2024).

## II.    STANDARD OF REVIEW

### A.  Rule 12(e)

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or

ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

"A motion for a more definite statement should not be granted if the allegations in the complaint comply with Rule 8['s]" requirement for pleading a "short and plaint statement of the claim." *ProBatter Sports, LLC v. Sports Tutor, Inc.*, 246 F.R.D. 99, 101 (D. Conn. 2007) (quoting Fed. R. Civ. Pro. 8(a)). "For a more definite statement to be warranted, the complaint must be so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 456 (E.D.N.Y. 2009) (internal quotation marks and citations omitted).

"The rule is designed to remedy unintelligible pleadings, not to correct for lack of detail" or substitute for the discovery process. *Id.*; *see also ProBatter Sports, LLC v. Sports Tutor, Inc.*, 246 F.R.D. 99, 101 (D. Conn. 2007) ("Rule 12(e) is meant to rectify incomprehensible or confused pleadings, not to add detail or substitute for the discovery process.").

### B. Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally "disfavored and granted only if there is strong reason to do so." *Holland v. Chase Bank United States, N.A.*, 475 F. Supp. 3d 272, 275 (S.D.N.Y. 2020) (citation omitted).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief, and 'impertinent' material consists of statements that do not pertain to, and are not necessary to resolve, the disputed issues." *Brady v. Basic Research, L.L.C.*, 101 F. Supp. 3d 217, 225 (E.D.N.Y. 2015) (citation omitted). "A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from

the dignity of the court." *Id.* (citation omitted).

"To prevail on a 12(f) motion, the moving party must demonstrate that: '(1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant.'" *Id.* (quoting *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)). A showing of prejudice is a necessary part of a Rule 12(f) motion to strike. *See Gssime v. Nassau Cnty.*, No. 09-CV-5581(JS)(ARL), 2014 WL 810876, at *2 (E.D.N.Y. Feb. 28, 2014) (citing cases).

### C.  Rule 55(b)

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment. The first step is to obtain a default. . . . Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F. 3d 99, 104 (2d Cir. 2005).

An entry of default under Rule 55(a), is warranted when a party has "failed to plead or otherwise defend" an action. Fed R. Civ. Pro. 55(a); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff."). The second step "converts" the entry of default "into a final judgment that terminates litigation and awards the plaintiff any relief to which the court decided it is entitled." *Mickalis Pawn Shop, LLC*, 645 F.3d at 128.

The Second Circuit has expressed a "preference for resolving disputes on the merits," making default judgements "generally disfavored" and "reserved for rare occasions." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95–96 (2d Cir. 1993).

### III.    DISCUSSION

#### A.  The Motion to Join the Motion for a More Definite Statement

The Court initially addresses Kelly Services Inc.'s filing to join the motion for a more definite statement. The Court notes that the motion for a more definite statement was filed jointly and signed by both Kelly Services, Inc. and New London Board of Education. *See* Mot. for a More Definite Statement at 6. To the extent that any further action by the Court is required, the motion by Kelly Services to join the motion for a more definite statement will be granted. *See, e.g.*, *Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.*, 425 F. Supp. 2d 352, 363 (W.D.N.Y. 2006) ("[W]here a motion to join is unopposed, the arguments proffered by the defendant initiating the motion apply equally to all co-defendants, and granting the motion to join will not prejudice the plaintiff, the motion to join is generally granted.").

#### B.  The Rule 12(e) Motion for a More Definite Statement

Defendants argue that Mr. Glenn's Amended Complaint is unclear with respect to the basis for federal question jurisdiction, the proper name of New London Board of Education, the separate claims alleged and common law or statutory basis for those claims, and the Defendant against which each claim is asserted. Mot. for a More Definite Statement at 1–2.

Mr. Glenn argues that the motion for a more definite statement should be denied because it is being used as a dilatory tactic, unjustified by the misnaming of New London Board of Education as New London Public Schools, and his claims apply to both Defendants as "joint employers." Memo. in Opp. at 1–2.

The Court disagrees.

Mr. Glenn's Amended Complaint does not provide sufficient detail to allow each Defendant to "reasonably prepare a response." Fed. R. Civ. Pro. 12(e). The Amended Complaint

contains seven short paragraphs spanning three years of factual allegations. *See* Am. Compl. at 5.

There are no enumerated counts or claims, nor any clear statutory or common law basis for such

claims. While Mr. Glenn does refer to Title VII in one paragraph and cites cases in others, a

mention of a cause of action is insufficient to constitute actual alleging of that cause of action.

*See Wisconsin Proince of Soc'y of Jesus v. Cassem*, No. 3:17-cv-1477 (VLB), 2018 WL

9801769, at *3 (D. Conn. May 24, 2018) ("Where a complaint alludes to a cause of action but

does not actually allege such a claim, an amended pleading alleging that cause of action is

appropriate.").

The Amended Complaint thus "lacks sufficient clarity to put each Defendant on sufficient

notice of the claims against [them]." *Id.*; *see also Rodriguez v. Chex Systems, Inc.*, 730 F. Supp.

3d 36, 39–40 (W.D.N.Y. 2024) ("Plaintiff simply broadly asserts that Defendant violated certain

statutes, making boilerplate reference to these statutes without further explanation. . . . Because it

is not clear from the allegations in the complaint how Plaintiff is entitled to relief, her pleading

does not comply with Rule 8 of the Federal Rules of Civil Procedure."); *Wallet v. Anderson*, 198

F.R.D. 20, 25 (D. Conn. 2000) ("The court also concludes, however, that the complaint, while

alluding to a cause of action for emotional distress, simply does not allege such a claim or any

other state law cause of action. Accordingly, the motion for a more definite statement is granted

to the extent the plaintiff intended to assert a cause of action arising under state law.").

Furthermore, Mr. Glenn does not identify the particular Defendant or Defendants against

which each claim is alleged. *Id.* As Mr. Glenn points out, the Amended Complaint does include

an allegation that the Defendants are "joint employers" in the final paragraph. Am. Compl. at 5.

It is unclear, however, if this is intended to mean that every claim is being alleged against both

Defendants, especially since some factual allegations involve actions taken solely by one

Defendant. *See, e.g.*, *id.* 5 ¶ 1 (alleging that, while employed through Kelly Services, Mr. Glenn was denied employment at East Lynne Public Schools, a non-party); *id.* 5 ¶ 4 (alleging that Mr. Glenn was denied employment by the New London Board of Education after applying for a position directly). The lack of identification limits the Defendants' ability to respond to the Amended Complaint. *See, e.g.*, *Bower v. Weisman*, 639 F. Supp. 532, 538 (S.D.N.Y. 1986) ("Obviously, [Defendant] cannot effectively respond to [Plaintiff]'s complaint until he knows which claims [Plaintiff] is asserting against him in his individual capacity."); *Caraveo v. Nielsen Media Research, Inc.*, No. 01 Civ. 9609 (LBS), 2002 WL 530993, at *2 (S.D.N.Y. April 8, 2002) ("Similar vague and ambiguous claims are made throughout the [Complaint], and Plaintiff should clarify in the Complaint itself which claims are alleged against which defendants."); *Price v. City of Troy, New York*, No. 1:12-cv-08152014 (DNH/CFH), 2014 WL 2926479, at *5 (N.D.N.Y. June 26, 2014) ("Plaintiffs must clearly refer to the parties with the proper identifiers so as to not leave the Court or defendant(s) to guess as to which party was involved in each incident/allegation.").

Finally, while the misnaming of New London Board of Education as New London Public Schools does not necessarily justify a motion for a more definite statement, Mr. Glenn should use the proper name of New London Board of Education in all future filings. *Cf. Faber-Womack v. Town of Riverhead Police Dept.*, No. 08-cv-2368 (JS) (WDW) 2009 WL 2983022 (W.D.N.Y. Sept. 10, 2009) (finding that a *pro se* plaintiff's misnaming of a defendant does not affect the viability of the Complaint, as the Court can "treat all claims" as if the proper name was stated).

Accordingly, the motion for a more definite statement will be granted.

### C.  The Rule 12(f) Motion to Strike

The Defendants move to strike Plaintiff's Motion to Confirm Jurisdiction, ECF No. 19;

the Memorandum in Opposition regarding First Motion for Reconsideration of Court's Order

Granting Motion for Extension of Time, ECF No. 31; the Response regarding Motion for

Extension of Time, ECF No. 33; and Exhibit Q, ECF No. 34, from the docket. Mot. to Strike at

1. Defendants argue that these filings "needlessly cloud the docket" and are "immaterial,

impertinent and scandalous." Mot. to Strike at 2.

Mr. Glenn argues that these filings are relevant and necessary. Opp. to Mot. to Strike at

1–2.

The Court finds the motion to strike improper for a different reason.

Federal Rule of Civil Procedure 12(f) allows courts to strike material "from a pleading."

Fed. R. Civ. Pro. 12(f). Pleadings under the Federal Rules of Civil Procedure include "(1) a

complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a

counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-

party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. Pro. 7(a).

Defendants, however, do not wish to strike "pleadings": Motion to Confirm Jurisdiction,

ECF No. 19, is a motion the Court denied. *See* Order, ECF No. 20 (July 10, 2024). Memorandum

in Opposition, ECF No. 31, is a memorandum in support for a motion for reconsideration that the

Court subsequently denied. *See* Mot. for Reconsideration, ECF No. 29 (July 16, 2024); Order,

ECF No. 32 (July 17, 2024). The response regarding the Motion for Extension of Time, ECF No.

33, is an objection to the Court's denial of that same motion for reconsideration. Exhibit Q, ECF

No. 34, appears to be evidence. While in general evidence should not be filed on the docket, *see*

D. Conn L. Civ. R. 5(f)(1), this filing is not a pleading as defined by Rule 7(a).

Because they are not pleadings, these filings cannot be struck under Rule 12(f). *See, e.g.*,

*Monroe v. Board of Ed. Of Town of Wolcott*, 65 F.R.D. 641, 645 (D. Conn. 1975) ("A rule 12(f)

motion to strike is not strictly proper in this instance, for the record of the school board's hearing is not a 'pleading.'"); *Cummings v. Bradley*, No. 3:11-cv-00751 (AVC), 2013 WL 1149985, at *1 (D. Conn. Mar. 19, 2013) (denying a motion to strike affidavits because affidavits are not "pleadings" subject to Rule 12(f)).

Accordingly, the Defendants' motion to strike will be denied.

### A.  The Rule 55(b) Motion for Default Judgment

Mr. Glenn requests that the Court grant him a default judgment under Rule 55(b) because the "Defendants have utterly failed to respond substantively to the Complaint." Mot. for Default J. at 1.

Defendants argue that a motion for default judgment is unwarranted because a default has not been entered and they have not failed defend the case. Memo. in Opp. re Mot. for Default Judgment at 3–4.

The Court agrees.

Mr. Glenn moved for an entry of default after the filing of his motion for default judgment and the Defendants' filing of their opposition to that motion. *See* Mot. for Default Entry, ECF No. 45 (Dec. 17, 2024). The Court denied Mr. Glenn's motion for an entry of default because the "defendants have appeared and filed motions on the case." Order, ECF No. 46 (Dec. 20, 2024). There remains no evidence that Defendants have "failed to plead or otherwise defend" this case. Fed. R. Civ. Pro. 55(a). As a result, neither an entry of default nor a default judgment is warranted. *See Mickalis Pawn Shop, LLC, 645 F.3d at 128* ("[E]ntry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff.").

Accordingly, Plaintiff's motion for default judgement will be denied.

11

## IV.    CONCLUSION

For the foregoing reasons, the motion to join the motion for a more definite statement is **GRANTED**; the motion to strike is **DENIED**; the motion for a more definite statement is **GRANTED**; and the motion for default judgment is **DENIED.**

Mr. Glenn is directed to file a Second Amended Complaint by **February 28, 2025**, clearly enumerating his claims, identifying the statutory or common law basis for those claims, and specifying which claims apply to which Defendants.

**SO ORDERED** at New Haven, Connecticut, this 31st day of January, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE